### JACOBSEN v. BUCKLEY.

#### (Supreme Court, Appellate Term.   October, 1901.)

**1. APPEAL—EVIDENCE—WEIGHT—REVIEW.**
   On an appeal from a city court, the appellate term will not weigh the evidence.

**2. SALES—DELIVERY OF EXCESS GOODS—ACTION—PLEADING.**
   Where, in an action to recover for an excess of goods delivered by mistake, and which in fact had been sold to another, defendant admits in his answer that plaintiff delivered the excess in question, and that he accepted the same and paid a certain sum, he thereby acknowledges at least a special property in plaintiff, so that he cannot controvert plaintiff's title.

Appeal from city court of New York, general term.

Action by Ernest O. Jacobsen, trading under the firm name of E. O. Jacobsen & Co., against Wilfred Buckley, trading under the firm name of Samuel Buckley & Co.   From a judgment of the general term of the city court of New York affirming a judgment of the trial term in favor of plaintiff and an order denying a new trial, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and McADAM, JJ.

Reed, Simpson, Thacher & Barnum (Hamilton H. Durand and Nathan A. Smyth, of counsel), for appellant.

H. R. Bayne, for respondent.

GILDERSLEEVE, J.   The only exceptions in the case are (1) to the denial of the motion to dismiss the complaint; (2) to the denial of the motion for leave to amend the answer at the close of the trial; and (3) to the denial of the motion for a new trial upon the rendering by the jury of a verdict for the plaintiff.   The action was brought to recover the difference between the market value and the contract price of about 127 tons of zinc, claimed by the plaintiff to have been delivered to the defendant by mistake and in excess of the amount required by a contract for the sale and delivery by the plaintiff to the defendant of Colorado zinc ore at Antwerp, Belgium.   It is stipulated that the market value was $16.-63 a ton, while the contract price was $11 a ton, at which price the plaintiff had contracted to deliver to the defendant about 1,067 tons of the ore.   Through some error, as claimed by the plaintiff, the master of the ship delivered to the defendant about 1,194 tons, instead of the 1,067 tons called for by the contract.   This excess of 127

tons was apparently taken from a shipment made by plaintiff to another party in Antwerp, which mistake plaintiff was bound to make good. The defendant was apparently willing to pay for the excess at the rate of $13.82 a ton, but the plaintiff demanded the full market price of $16.63 a ton, as this extra lot of 127 tons was not included in the contract of the sale of the 1,067 tons by the plaintiff to the defendant. The jury found, as we have said, in favor of the plaintiff's contention.

So far as any dispute as to facts may appear, the appellate term will not weigh the evidence in an appeal from the city court. The defendant admits that he received and retained the 127 tons in excess of the amount called for by the contract, and claims that he paid $13.82 a ton in full, while the plaintiff claims such payment was only on account. That the extra 127 tons were delivered by mistake, as claimed by the plaintiff, appears from Exhibit C and Exhibit E, and is not specifically denied in the answer nor by the defendant's witnesses on the stand. This disposes of the first ground upon which the defendant bases his claim that the complaint should have been dismissed, i. e., that there was no evidence to show that the 127 tons were not required under the contract or were delivered by mistake.

So far as the defendant's claim is concerned that, if the 127 tons had been sold to another party, it was not for the plaintiff to claim payment for them from the defendant, the answer does not raise any question as to the plaintiff's title, nor was the point raised by any witness at the trial. Moreover, the defendant expressly admitted in his answer that the plaintiff delivered to him (by mistake, as plaintiff claims) the excess of ore in question, and that he received and accepted the same, and paid the plaintiff therefor $13.82 a ton, thereby acknowledging at least a special property in the plaintiff. The defendant cannot, therefore, controvert the plaintiff's title.

We are of opinion that the exceptions presented on this appeal are without merit, and cannot be sustained. The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.